Leonard, J.
The questions in this case were sufficiently raised by the application of the counsel of the defendants, at the close of the evidence for the plain *180 tiffs, that the judge should decide that by the terms of the bill of lading the recovery of the plaintiff, if any, should be limited to $50 and interest. We may discard the notice, at the head of the bill of lading, as insufficient, within the decisions of the courts of this State, to constitute a contract, where, as in this case, the notice is not proven to have been brought to the knowledge of the shipper.
The body of the bill of lading delivered to the plaintiff, in person, on the delivery of the goods in question to the defendant for transportation, contains an express provision.that the plaintiff shall not demand, in any event, beyond the sum of $50, at which the article forwarded was thereby valued, unless otherwise therein expressed, or unless specially insured by the express company, and so specified in the receipt. The plaintiff accepted this bill of lading, containing the said limitation of the liability undertaken by the defendant. He made no objection to its terms, and gave no statement of the value of the articles of merchandise then delivered for transportation.
It is well settled, in this State, that it is lawful for common carriers to limit, by contract with their shippers, the extent of their liability for loss or damage, on the articles conveyed'. The leading case on this subject, in our own State, is that of Dorr v. New Jersey Steam Navigation Co., (1 Kern. 485,) which has since been repeatedly followed, and applied in principle, to cognate subjects in railroad and express transportation and to warehouse storage.
It can make no difference that the plaintiff was unable to read the contract. The defendant does not appear to have been aware of the plaintiff’s inability to read, nor did the plaintiff inform him, or apply for any information concerning its contents. He left the defendant to act upon the presumption that he accepted the contract without objection. The recent case of Belger v. Dins- *181 more, President &c. of Adams Express Company, decided by the Commissioners of Appeals at the last September term, and handed np on the argument of this case, in MS., is conclusive here.
[First Department, General Term, at New York,
November 4, 1872.
Leonard and Learned, Justices.]
The learned judge erred in not holding, with the defendant, limiting its liability to the plaintiff to $50 and interest.
The judgment should be reversed, and a new trial ordered, with costs to abide the event, unless the plaintiff stipulates to reduce the damages to $50, with interest from the commencement of the action, within twenty days; and upon filing such stipulation, the judgment may be affirmed for the reduced amount, with costs of the appeal, to the defendant.
Learned, J. I think the decision in Belger v. Bins-more, referred to in the above opinion, is conclusive in this case, and concur on that ground.